# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CLIFTON WARNER,                                                                                                    PLAINTIFF
ADC #651119

v.                                          5:10-cv-00329-JMM-JJV

MICHAEL WILLIAMS, ADC #85682,
Inmate, Varner Unit, ADC; ARKANSAS
DEPARTMENT OF CORRECTION,                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Plaintiff, Clifton Warner, is a state inmate at the Varner Unit of the Arkansas Department of Correction.  He filed this *pro se* action, alleging the ADC continues to house him near Defendant Michael Williams who sexually assaulted him.  The Court directed him to submit an Amended Complaint by Order dated November 30, 2010 (Doc. No. 3), noting that pursuant to 42 U.S.C. § 1983, Plaintiff cannot sue a private individual such as Defendant Williams, or the ADC, which is immune from liability.  Finding that Plaintiff's Complaint failed to state a claim upon which relief may be granted, the Court directed Plaintiff to submit an Amended Complaint within 30 days of the date of the Order.

Plaintiff has now filed an Amended Complaint (Doc. No. 6), alleging unconstitutional conduct by Defendant Williams. Having reviewed the Amended Complaint, the Court finds the Complaint should be dismissed for Plaintiff's failure to state a claim upon which relief may be granted and because the Arkansas Department of Correction is immune from § 1983 liability.

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   FACTS AND ANALYSIS**

In his Amended Complaint, Plaintiff alleges that Defendant Williams tried to sexually assault him and threatened him with injury. He also says the "State is in the wrong for leting (sic) this go on ..." (Doc. No. 6, p. 4). However, as the Court noted in the November 30, 2010 Order, Plaintiff cannot sue a private individual such as Defendant Williams in a § 1983 action, because he is not a

3

state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, the ADC is a state agency and is protected from § 1983 liability by Eleventh Amendment immunity. *See Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988). Therefore, the Court finds that Plaintiff's Amended Complaint against Defendants should be dismissed for failure to state a claim for relief and as immune from liability.

**IV. CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 6) be DISMISSED with prejudice for failure to state a claim upon which relief may be granted and as Arkansas Department of Correction is immune from liability.

2. This dismissal count as a "strike" within the meaning of 28 U.S.C. § 1915(g).[1]

3. The Court certify that an *in forma pauperis* appeal from any Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 29th day of December, 2010.

 JOE J. VOLPE
 UNITED STATES MAGISTRATE JUDGE

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.